**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 00-6086-CR-FERGUSON

UNITED STATES OF AMERICA,

   Plaintiff,

vs

GARY LAMONT MOORE,

   Defendant.
_____/

## DETENTION ORDER

Pursuant to Title 18, U.S.C. § 3142(f), on May 26, 2000, a hearing was held to determine whether the Defendant, Gary Lamont Moore, should be detained prior to trial. Having considered the factors enumerated in 18 U.S.C. § 3142(g), this Court finds that no condition or combination of conditions will reasonably assure the appearance of this Defendant as required and the safety of any other person and the community. Therefore, it is hereby ordered that the Defendant, Gary Lamont Moore, be detained prior to trial and until the conclusion thereof.

In accordance with the provisions of 18 U.S.C. § 3142(i), the Court hereby makes the following findings of fact and statement of reasons for the detention:

1. The Defendant is charged with bank robbery. Therefore Defendant is charged with a crime of violence. 18 U.S.C. § 3142(g)(1).

2. The weight of the evidence against the Defendant is substantial. On June 30,



1999, the Defendant entered a Union Planters Bank. The Defendant demanded money and related that this was a robbery. The Defendant insisted on twenty ($20.00) dollar bills. The Defendant was caught on a surveillance camera and was positively identified by the teller. The Defendant committed another robbery in July, 1999, using a toy gun. 18 U.S.C. 3142(g)(2).

3. The pertinent history and characteristics of the Defendant are as follows:   The Defendant is a United States citizen and has been in South Florida two years. He has no foreign travel and is homeless. The Defendant was honorably discharged from the United States Military. His mother and three siblings reside in Maryland. He occasionally works as a laborer and has no assets. He is in good health and smokes marijuana. 18 U.S.C. §3142 (g)(3)(A) and (B).

Based on the Defendant's lack of stable employment and lack of ties to the Southern District of Florida , the undersigned believes that he would not appear if released on bond prior to trial.   18 U.S.C. § 3142(g)(3)(A) and (B).

4. The Defendant has committed two bank robberies. Accordingly, the Defendant constitutes a danger to other persons or the community.   18 U.S.C. § 3142(g)(4).

5. The Court specifically finds that there are no conditions or combination of conditions which reasonably will assure the Defendant's appearance as required and the safety of any other person and the community.   18 U.S.C. § 3142(e).

Based on the above findings of fact, which were supported by clear and convincing evidence, the Court has concluded that this Defendant presents a danger to the community.   Based on the above findings of fact, which were supported by the

2

preponderance of the evidence, the Court has concluded that this Defendant presents a risk of flight.

The Court hereby directs:

1. That the Defendant be committed to the custody of the Attorney General for the confinement in a corrections facility separate, to the extent practical, from persons awaiting or serving sentences or being held in custody pending appeal;

2. That the Defendant be afforded reasonable opportunity for private consultation with counsel; and

3. That, on order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined deliver the Defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

DONE AND ORDERED this 1st day of June, 2000, at West Palm Beach, Florida.

LINNEA R. JOHNSON
CHIEF U. S. MAGISTRATE JUDGE

cc:  Counsel of Record

3