UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6086-CR-FERGUSON/SNOW

UNITED STATES OF AMERICA,                :
                                         :
v.                                       :
                                         :
GARY LAMONT MOORE,                       :
                                         :
        Defendant.                       :
                                         :
_____ /



## UNITED STATES' RESPONSE TO THE STANDING DISCOVERY ORDER

The United States hereby files this response to the Standing Discovery Order. This response

also complies with Local Rule 88.10 and Federal Rule of Criminal Procedure 16, and is numbered

to correspond with Local Rule 88.10.

A.  1.  The government is unaware of any written or recorded statements made by
        the defendant.

    2.  The government is unaware of any oral statements made by the defendant
        before or after arrest in response to interrogation by any person then known
        to the defendant to be a government agent that the government intends to use
        at trial.

    3.  No defendant testified before the Grand Jury.

    4.  The NCIC record of the defendant has been provided to defense counsel
        together with this discovery response.

    5.  Books, papers, documents, photographs, tangible objects, buildings or places
        which the government intends to use as evidence at trial to prove its case in
        chief, or were obtained or belonging to the defendant may be inspected at a
        mutually convenient time at the Office of the United States Attorney, 500
        East Broward, Suite 700, Ft. Lauderdale, Florida. Please call the undersigned
        to set up a date and time that is convenient to both parties. The undersigned
        will tentatively set the date for June 23, 2000. Please call the undersigned
        with 48 hours notice if you intend to review the evidence at this date and
        time.

Copies of books, papers, documents and photographs which the government intends to use as evidence at trial to prove its case in chief, or were obtained or belonging to the defendant have been provided to defense counsel together with this discovery response. The attachments to this discovery response, however, are not necessarily copies of all the books, papers, documents, etc., that the government may introduce at trial.

6.    There were no physical or mental examinations or scientific tests or experiments made in connection with this case.

B.    DEMAND FOR RECIPROCAL DISCOVERY: The United States requests the disclosure and production of materials enumerated as items 1, 2 and 3 of Section B of the Standing Discovery Order. This request is also made pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure.

C.    The government will disclose any information or material which may be favorable on the issues of guilt or punishment within the scope of Brady v. Maryland, 373 U.S. 83 (1963), and United States v. Agurs, 427 U.S. 97 (1976). At this point in time, the government is unaware of any information or material which may be favorable on the issues of guilt or punishment within the scope of Brady v. Maryland, 373 U.S. 83 (1963), and United States v. Agurs, 427 U.S. 97 (1976).

D.    The government will disclose any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective government witnesses, within the scope of Giglio v. United States, 405 U.S. 150 (1972), or Napue v. Illinois, 360 U.S. 264 (1959). At this point in time, the United States has not many any any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective government witnesses, within the scope of Giglio v. United States, 405 U.S. 150 (1972), or Napue v. Illinois, 360 U.S. 264 (1959).

E.    The government will disclose any prior convictions of any alleged co-conspirator, accomplice or informant who will testify for the government at trial.

F.    The defendant was identified in a six-person photographic spread. A copy of the photographic spread is attached hereto.

G.    The government has advised its agents and officers involved in this case to preserve all rough notes.

H.    The government will timely advise the defendant of its intent, if any, to

2

introduce during its case in chief proof of evidence pursuant to F.R.E. 404(b). You are hereby on notice that all evidence made available to you for inspection, as well as all statements disclosed herein or in any future discovery letter, may be offered in the trial of this cause, under F.R.E. 404(b) or otherwise (including the inextricably-intertwined doctrine).

In addition, the government may introduce under Rule 404(b) evidence underlying the defendant's past criminal activity that has resulted in arrests and/or convictions and which is summarized in the attached court documents. Specifically, the government may introduce evidence that on July 15, 1999, the defendant robbed Security Bank. He approached the teller, gave her a bag, and told her that "this is a robbery. Give me all the money."

I.   The defendant is not an aggrieved person, as defined in Title 18, United States Code, Section 2510(11), of any electronic surveillance.

J.   The government has ordered transcribed the Grand Jury testimony of all witnesses who will testify for the government at the trial of this cause.

K.   No contraband is involved in this indictment.

L.   The government does not know of any automobile, vessel, or aircraft allegedly used in the commission of this offense that is in the government's possession.

M.   The government is not aware of any latent fingerprints or palm prints which have been identified by a government expert as those of the defendant.

N.   To date, the government has not received a request for disclosure of the subject-matter of expert testimony that the government reasonably expects to offer at trial.

O.   The government will make every possible effort in good faith to stipulate to all facts or points of law the truth and existence of which is not contested and the early resolution of which will expedite trial. These stipulations will be discussed at the discovery conference.

P.   At the discovery conference scheduled in Section A.5, above, the government will seek written stipulations to agreed facts in this case, to be signed by the defendant and defense counsel.

The government is aware of its continuing duty to disclose such newly discovered additional information required by the Standing Discovery Order, Rule 16(c) of the Federal Rules of Criminal

3

Procedure, Brady, Giglio, Napue, and the obligation to assure a fair trial.

In addition to the request made above by the government pursuant to both Section B of the Standing Discovery Order and Rule 16(b) of the Federal Rules of Criminal Procedure, in accordance with Rule 12.1 of the Federal Rules of Criminal Procedure, the government hereby demands Notice of Alibi defense; the approximate time, date, and place of the offense was:

> Time: 12:08 p.m.
> Date: June 30, 1999
> Place: Union Planters Bank

The attachments to this response are numbered pages __1__ - __4__. Please contact the undersigned Assistant United States Attorney if any pages are missing.

Respectfully submitted,

GUY A. LEWIS
UNITED STATES ATTORNEY

By:

Bertha R. Mitrani
Assistant United States Attorney
Florida Bar No. 88171
500 East Broward Boulevard
Fort Lauderdale, Florida 33394
Tel: 954/ 356-7255
Fax: 954/356-7336

cc:     Special Agent McDermott

4

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was delivered by United

States mail this 20 day of June, 2000 to

Patrick Hunt, Esquire

Assistant Federal Public Defender

Office of the Federal Public Defender

101 N.E. 3rd Avenue; Ste 202

Fort Lauderdale, Florida 33301

Bertha R. Mitrani
Assistant United States Attorney